**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**
_____

CHARLES GRANT BROOKS, Sr.,

    Plaintiff,

v.                                          Case No. 2:09-CV-12377

BECKY SCHERF, et. al.,

    Defendants,
_____/

**ORDER OF SUMMARY DISMISSAL**

On June 16, 2009, Plaintiff Charles Grant Brooks, Sr., a state inmate currently incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Pursuant to 28 U.S.C. § 1915(e)(2), the court will summarily dismiss the complaint.

**I. BACKGROUND**

In his complaint, Plaintiff alleges that a certified mail package was sent to him at the Saginaw Regional Correctional Facility (SRF) on March 23, 2009, which was marked "Legal Mail." Plaintiff contends that this package contained tax information, namely, his W-2 form, as well as other unspecified legal paperwork. Plaintiff claims that this package was sent to him by a friend named Tracy Blocton, who holds legal power of attorney for Plaintiff. Plaintiff alleges that he did not receive this package and asked Blocton to track the package with the postal service. Blocton learned that the package was delivered to the prison on March 24, 2009 at 8:55 a.m.

On April 1, 2009, Plaintiff alleges that he asked defendant Zapata, an assistant residential unit manager, to help locate the package in the prison. Zapata made one phone call to Defendant Blakeley and informed Plaintiff that this was all that she could do for him.

From April 1, 2009 through April 23, 2009, Plaintiff had Blocton call Defendants in an ultimately unsuccessful attempt to locate his package. According to Plaintiff, no Defendants gave any "concise answers to the location of my mail." (Pl.'s Compl. at 6.) Plaintiff further claims that Defendant Zapata falsely told Blocton on April 23, 2009 that Plaintiff had received his package, even though he had not.

Plaintiff further contends that although he has filed a grievance in this matter, the grievance coordinator has failed to respond to his grievance and has actually requested an extension of time to file an answer in this matter.

Plaintiff seeks monetary damages and injunctive relief based on Defendants' failure to locate and deliver his mail to him. Plaintiff further asks this court to press "the applicable [criminal] charges" against the defendants "for their direct/and or indirect roles in the tampering and obstruction of my mail which was clearly delineated as 'Legal Mail.'"

## II. STANDARD

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

2

1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the complaint does not contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (citation omitted). Furthermore,

> a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citing Fed. R. Civ. P. 8(a)).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must plead: (1) conduct by a person, (2) acting under color of state law, (3) proximately causing, (4) a deprivation of a federally

protected right. *Monnell v. Dep't of Social Serv.*, 436 U.S. 658, 692 (1978). While Plaintiff does not state the theory of relief upon which he brings his claim, *pro se* plaintiffs enjoy the benefit of a generous construction of their pleadings and filings by the court. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Therefore, the court will address Plaintiff's allegations as an access to the courts claim for interfering with Plaintiff's legal mail.

To establish an access to the courts violation under § 1983, a plaintiff must prove that the violation was intentional, not merely negligent. *See Wojnicz v. Davis,* 80 F. App'x 382, 384 (6th Cir. 2003); *see also Carlton v. Jondreau,* 76 Fed. App'x. 642, 643 (6th Cir. 2003) (holding that prison officials did not violate a state inmate's due process rights by losing one piece of legal mail, where the loss was the result of negligence); *Hunter v. Welborn,* 52 F. App'x 277, 279-80 (7th Cir. 2002) (finding that a prisoner failed to state a denial of access to courts claim against a mail room supervisor for failing to forward legal mail where the supervisor's actions were merely negligent); *Garrison v. Corr.*, 26 F. App'x 410, 411 (6th Cir. 2001) (stating that negligence does not suffice to state an access to the courts violation under § 1983). At best, the allegations in Plaintiff's complaint establish merely that the defendants were negligent in handling Plaintiff's legal mail. Plaintiff has not alleged that any of the Defendants acted deliberately or maliciously in misplacing plaintiff's legal mail, other than baldly asserting that Defendants had "direct and/or indirect roles in the tampering and obstruction of my mail." *See Kampfer v. Vonderheide,* 216 F. Supp. 2d 4, 7 (N.D.N.Y. 2002); (Pl.'s Compl. at 7). However, without further supporting, factual allegations, Plaintiff has not stated a claim: conclusory, unsupported allegations of a constitutional deprivation do not

4

state a § 1983 claim.  *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998).  Because there are no "[f]actual allegations" that "raise a right to relief above the speculative level, " *Twombly*, 127 S.Ct. at 1965, that the loss of Plaintiff's mail was intentional, the court will deny Plaintiff's access to the courts claim.

Plaintiff's complaint is subject to dismissal for another reason.  The fundamental constitutional right of access to courts requires prison authorities to assist inmates in the preparation and filing of legal papers by providing them with adequate law libraries or with assistance from persons trained in the law.  *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, the holding in *Bounds* does not guarantee inmates the wherewithal to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."  *Lewis v. Casey*, 518 U.S. 343, 355 (1996).  The tools that *Bounds* requires to be provided are those the inmates need to attack their sentences or to challenge their conditions of confinement.  *Id.*  This means that prisoners have a constitutional right of access to the courts which extends only to direct appeals, habeas corpus applications, and civil rights claims.  *See Thaddeus-X v. Blatter*, 175 F. 3d 378, 391 (6th Cir. 1999).  A prisoner fails to state a claim for violation of the right of access to the courts absent an allegation that the defendants hindered his pursuit of a direct criminal appeal, a petition for writ of habeas corpus, or a civil rights action to vindicate his basic constitutional rights.  *See McCain v. Scott*, 9 F. Supp. 2d 1365, 1370-1371 (N.D. Ga. 1998).

In the present case, Plaintiff has failed to show that Defendants' alleged withholding of his mail violated his right to access of the courts because he has failed to demonstrate any actual injury to a direct appeal from his criminal conviction, a habeas

5

corpus petition, or a civil rights claim. *See Smith v. Campbell,* 113 F. App'x 85, 87 (6th Cir. 2004). Plaintiff alleges that this package contained tax information and unspecified legal paperwork, but does not allege that any of these documents were necessary for him to pursue a direct appeal from his criminal conviction, a habeas corpus petition, or a civil rights claim. Plaintiff is therefore not entitled to relief on this claim. *Id.; see also Carlton,* 76 F. App'x at 643 (holding that prison officials did not violate an inmate's First Amendment rights by depriving him of physical possession of one piece of legal mail, where deprivation did not interfere with any ongoing litigation).

To the extent that Plaintiff is alleging that one or more of Defendants failed to adequately respond to his grievances, he would not be entitled to relief on his claim. The wrongful denial of a prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure." *Keenan v. Marker,* 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Moreover, state law does not create any liberty interest in a grievance procedure. *Id.* Thus, a prison official's refusal to process an inmate's grievance or failure to see that such grievances are properly processed does not rise to the level of a due process violation. *See Brooks v. Berg,* 270 F. Supp. 2d 302, 307 (N.D.N.Y. 2003); *see also Bittner v. Wilkinson,* 19 F. App'x 310, 313 (6th Cir. 2001) (finding that a state inmate did not state a viable § 1983 claim when he alleged that prison officials denied or disregarded his grievances over alleged incidents in which an inmate was assaulted or subjected to retaliation by prison officers). Therefore, any mishandling of Plaintiff's grievances does not state a claim upon which relief can be granted under § 1983.

Finally, Plaintiff asks this court to press criminal charges against Defendants for allegedly tampering with his mail.  There is no constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.  *See White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Walker v. Schmoke*, 962 F.Supp. 732, 733 (D.Md. 1997) ("[N]o federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim to have criminal charges investigated at all, let alone with vigor or competence."); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").  Accordingly, Plaintiff is not entitled to relief on this claim.

### IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that the Plaintiff's Complaint [Dkt. # 1] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated:  June 29, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2009, by electronic and/or ordinary mail.

                                                  s/Lisa G. Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522